SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

May 9, 2019

William D. Fletcher, Jr., Esquire
Schmittinger & Rodriguez
414 South State Street
P.O. Box 497
Dover, DE 19903

Kenneth Doss, Esquire
Casarino Christman Shalk Ransom & Doss
1007 North Orange Street, Suite 1100
P.O. Box 1276
Wilmington, DE 19899-1276

Dawn L. Becker, Esquire
Law Office of Dawn L. Becker
919 Market Street, Suite 550
Wilmington, DE 19801

FILED PROTHONOTARY
SUSSEX COUNTY
2019 MAY -9 P 12: 15

Re:   *Corina M. Kerr v. Ryan G. Prevost,*
      *Lauren Cole and Rufus Thomas, Jr.*
      Civil Action No. S17C-06-010 ESB

Dear Counsel:

This is my decision on the respective Motions for Summary Judgment filed by

Defendants Lauren Prevost, nee Lauren Cole ("Cole"), and Rufus Thomas, Jr.

("Thomas") for their involvement in a multi-car accident on June 9, 2015. The

accident occurred at the intersection of Slaughter Neck Road and Delaware Route 1

when Thomas's vehicle was struck from behind by a vehicle driven by Defendant

Ryan Prevost ("Prevost") as Thomas was entering the left hand turn lane. Cole was

the owner of the Prevost vehicle and was riding in the passenger's seat of same at the time of the accident. The collision caused Thomas to lose control of his vehicle and it ended up striking and coming to a rest under a box truck operated by Plaintiff Corina Kerr ("Kerr") that had been stopped in the crossover median. Kerr filed the current action against Prevost, Cole, and Thomas for her injuries allegedly sustained in the accident.

Cole now moves for summary judgment on the grounds that, as a passenger and the owner of the vehicle, she did not contribute to, or in any way cause, the initial collision between Prevost and Thomas. None of the other parties have opposed this motion.

In the Thomas Motion, he asserts that there are no genuine disputes of any material facts in the current matter and that there are no facts that could support a reasonable inference that he negligently operated his vehicle and caused the accident. In response, Kerr cites to numerous statutory duties and argues that the record shows that Thomas was negligent in failing to properly use his turn signal, attempting to change lanes in an unsafe manner, and by being unable to exercise proper control of his vehicle as he was approaching an intersection. Similarly, Prevost and Cole oppose Thomas's Motion, claiming that Thomas negligently reduced his speed while still in the left through lane.

I have decided that both Cole and Thomas are entitled to summary judgment for all claims against them in this matter. On Cole's Motion, I find that, as the owner of the vehicle and a passenger at the time of the accident, Cole did not in any way contribute to the accident. With regard to the Thomas Motion, I am satisfied that there are no genuine disputes of any material facts and that the arguments to the contrary raised by Kerr, Prevost, and Cole are unsupported by the record. Further, I do not find that any facts present here are sufficient to support a reasonable inference that Thomas was negligent in operating his vehicle. Where, as here, a driver signals his intention to turn but is then struck from behind before completing his turn there must exist some fact or genuine dispute over whether he acted unreasonably in order to support an inference that he was negligent. Mere speculation is not enough.

## STATEMENT OF FACTS

On June 9, 2015, at approximately 5:30 p.m., Thomas was traveling on Delaware Route 1 North on his way to his home located on Slaughter Neck Road. As he entered the turn lane for the Route 1 crossover median for access to Slaughter Neck Road his black Honda Civic was struck from behind by a blue Mazda 3 owned by Cole and operated by Prevost. This collision caused Thomas to lose control of his vehicle and careen down the remainder of the turn lane before striking and coming

3

to a stop under a box truck operated by Kerr which had been stopped in the crossover median.

Prior to the initial collision, Thomas had been traveling in the left through lane of Route 1 North for approximately ten minutes. Although unable to recall his exact speed, he stated that he was going with the flow of traffic and had been maintaining a two car length gap with the vehicle in front of him. Thomas further stated that he had used his left turn signal and reduced his speed prior to his attempt to merge onto the turn lane.[1] After the initial impact, Thomas explained that he lost control of his vehicle and was unable to stop its momentum before it collided with Kerr's truck.

From his perspective, Prevost contends that he was traveling between 55 and 60 mph and maintaining approximately three to four car lengths distance from Thomas's car. Prevost stated that the weather was good and there were no problems with visibility. He admitted that he did not "take note" or "become aware" of Thomas's car and was unable to answer how long he had been behind Thomas prior to the accident. Additionally, Prevost was not certain about whether Thomas had used his turn signal before breaking, stating that, "they happened around the same time." He claims that Thomas's attempt to enter the turn lane "came across as sudden." Prevost did not "slam" on his brakes but did apply more than a normal

[1] Thomas was unable to recall the exact sequence with regard to turning on his turn signal versus applying his breaks.

4

amount of force. Ultimately, Prevost was unable to stop his vehicle before striking the rear of Thomas's vehicle as it was approximately half way into the turn lane. Prevost received and pled guilty to a citation for driving too closely.

Kerr did not witness the Prevost-Thomas collision. After Kerr heard screeching tires she turned and saw Thomas's black Civic barreling out of control towards her stopped truck.

Kerr filed suit for her injuries, allegedly sustained when Thomas's vehicle impacted her stopped truck, against Prevost, Cole, and Thomas. Prevost and Cole, jointly, and Thomas, separately, have filed competing cross-claims against one another for indemnification and contribution. Cole and Thomas have both moved for summary judgment of the claims against them.

## STANDARD OF REVIEW

This Court will grant summary judgment only when no material issues of fact exist, and the moving party bears the burden of establishing the non-existence of material issues of fact.[2] Once the moving party meets its burden, the burden shifts to the non-moving party to establish the existence of material issues of fact.[3] The Court views the evidence in a light most favorable to the nonmoving party.[4] If, after

---

[2] *Moore v. Sizemore,* 405 A.2d 679, 680 (Del. 1979).
[3] *Id.* at 681.
[4] *Id.* at 680.

5

discovery, the non-moving party cannot make a sufficient showing of the existence of an essential element of the case, then summary judgment must be granted.[5] If, however, material issues of fact exist or if the Court determines that it does not have sufficient facts to enable it to apply the law to the facts before it, then summary judgment is not appropriate.[6]

## DISCUSSION

### I.     The Cole Motion

Cole has moved for summary judgment on the grounds that she was merely a passenger in the vehicle driven by Prevost and points out that Kerr has alleged no wrongdoing on her behalf. Thomas has taken no position on this motion. Kerr has conceded that dismissal is appropriate with regard to her claims against Cole. I am satisfied that summary judgment with regard to the claims against Cole is appropriate as there is no evidence in the record that any actions by Cole contributed to the collisions at issue here.

### II.     The Thomas Motion

Thomas has moved for summary judgment of the claims against him that his negligence in operating his vehicle contributed to the collisions and, therefore, the

---

[5] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991), *cert. den.*, 112 S. Ct. 1946 (1992); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).
[6] *Ebersole v. Lowengrub,* 180 A.2d 467, 470 (Del. 1962).

6

alleged injuries sustained by Kerr. He contends that there are no genuine disputes of any material facts and that no facts present in the record could support a reasonable inference that he was negligent in operating his vehicle or that any potential negligence on his behalf was the proximate cause of the injuries sustained by Kerr. Thomas asserts that any finding that he was negligent would require "substantial speculation" based on the record here.

Kerr's first argument in opposition to Thomas's motion is based on the 21 *Del. C.* § 4155 requirements that drivers signal their intention to change lane for at least the last 300 feet prior to turning and that drivers give an "appropriate" signal to the vehicle behind them before suddenly decreasing speed. Kerr asserts that the evidence shows that Thomas did not signal for the required 300 feet and that his failure to do so contributed to the initial collision.

I do not find that the record either shows or supports the inference that Thomas failed to signal for at least 300 feet prior to initiating his turn. I must view the facts in the light most favorable to Kerr, Prevost, and Cole. As the non-moving parties, they are entitled to the benefit of all reasonable inferences that can be drawn from the facts. They are not entitled to inferences based upon speculation and unsupported by the record.[7] Here, both Thomas and Prevost stated that Thomas used his signal before

---

[7] *Smith v. Haldeman*, 2012 WL 3611895, at *3 (Del. Super. Aug. 21, 2012).

turning. There is no testimony going directly towards the total distance actually traveled by Thomas after using his turn signal but before initiating the lane change. The only evidence relating to this issue is Prevost's statement that Thomas's attempt to change lanes, "seemed sudden." However, Prevost also admits that he was not paying attention to Thomas's vehicle prior to the attempted lane change. Additionally, Prevost's actions call into the question the alleged suddenness of Thomas's maneuver as Prevost did not deem it necessary to apply full pressure to his breaks to avoid the collision. Prevost's statements, taken as a whole, indicate that he was not paying adequate attention to the state of the road or the vehicle in front of him. His self-contradictory testimony on this issue does not constitute a genuine dispute of fact and is not sufficient to support a reasonable inference that Thomas violated his duty.

Kerr also argues that Thomas's lane change violated the 21 *Del. C.* § 4122 requirement that a vehicle stay in one lane until a change "can be made with safety." Kerr asserts that the fact that Thomas was in between the left through lane and the left turn lane when the initial collision occurred evidences his failure to abide by the statute. Upon review of the record, the left turn lane was empty and Prevost was approximately three to four car lengths behind Thomas when he attempted to change lanes. Thomas's reasonable belief that it was safe for him to move into the turn lane

8

given these circumstances was not negligent simply because Prevost ultimately rear-ended his vehicle before he was able to completely exit the through lane.

The final argument advanced by Kerr cites Thomas's inability to control his vehicle after being hit from behind as proof that he failed to "exercise reasonable control and speed over his vehicle which was approaching an intersection." I reject this argument as ridiculous on its face. Kerr fails to include satisfactory logical support or legal authority to justify its inclusion. I fail to see how any legal duty could possibly be found to govern a party's actions *after* being struck from behind and indisputably losing control of their vehicle.

In their joint motion, Prevost and Cole assert that Thomas was negligent in decreasing his speed while still within the left through lane. This is similar to Kerr's first argument and I reject it for the same reasons. There are no facts in the record that create a genuine dispute with regard to Thomas's use of his turn signal before entering the left turn lane. Thomas's duty was to operate his vehicle in a reasonable and prudent manner. Signaling an intention to turn and reducing speed are not unreasonable actions when one is attempting to enter a turn lane. He was not required to maintain full cruising speed and then enter the turn lane at the earliest possible moment as the non-moving parties seem to suggest.

On the facts in the current case and the testimony of the relevant parties, any finding that Thomas violated his duty – statutory or otherwise – would be based on impermissible speculation. Accordingly, I find that Thomas is entitled to summary judgment on all claims against him in the present matter.

## CONCLUSION

The Motions for Summary Judgment filed by Defendant Lauren Prevost, nee Lauren Cole, and Defendant Rufus Thomas, Jr. are hereby granted.

Very truly yours,

E. Scott Bradley

ESB/jv/jwc

cc: Prothonotary